34 C.C.P.A. (Patents)

## Application of FIELD.
### Patent Appeal No. 5290.

Court of Customs and Patent Appeals.
April 22, 1947.

Rehearing Denied May 29, 1947.

Vernon M. Dorsey, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 5, 7, 9, and 10 in appellant's application for a patent for alleged "new and useful improvements in Cast Refractory Product."

Claim 8 was allowed. Of the claims appealed here, appellant has moved to dismiss the appeal as to claims 5, 7, and 9. The motion will be granted thereby limiting the appeal to the remaining claim 10.

The reference is the patent to Fulcher et al., No. 2,271,367, issued January 27, 1942, on an application filed October 11, 1939, which application was pending concurrently in the Patent Office with appellant's present application filed October 14, 1940.

Claim 10 reads as follows:

"10. A heat cast refractory consisting essentially of baddeleyite and corundum and siliceous glass in which the silica does not exceed 20%, and in which that part of the analytical composition excluding zirconia and alumina contains by weight not less than 7% $Na_2O$."

The object of appellant's invention is to obtain heat refractory castings described as resistant to corrosion by molten glass and recoverable free from cracks. It is stated in the brief of counsel for appellant that—

"This application is directed to a block consisting essentially of zirconia (baddeleyite) and alumina and silica with minor percentages of oxides of iron, one or more glass formers, and produced by melting raw materials and casting the resultant melt into a block, the blocks being then solidified by cooling. On cooling the product will contain interlocking crystals of baddeleyite and corundum. * * *"

The tribunals of the Patent Office, among other reasons, rejected claim 10 on the ground that what it defined fell within the teaching of the cited reference.

The Primary Examiner stated that clearly there was no difference in the final product claimed by appellant and that claimed by the reference patent or that whatever difference did exist between such products was a difference of degree only depending upon unrecited, expected, and permissible variations.

The Board of Appeals in affirming the action taken by the examiner stated with respect to the cited patent that—

"Claim 10 of this application does not distinguish patentably from claim 7 of the patent for the reason that both of the constituents recited in claim 10 are in claim 7 of the patent and in amounts which do not afford any distinction."

Claim 7 of the reference patent reads:

"7. A cast refractory article consisting principally of zirconia, alumina, silica and at least one of the group consisting of $Na_2O$ and $K_2O$ in which the zirconia is greater than 20%, the silica less than 6%, and the total alkalies between 1 and 8% by weight by chemical analysis."

The reference relates to refractory zirconia castings and, as expressed in the statement hereinabove quoted from the brief of counsel, the term "zirconia" is used in appellant's application synonymously with "baddeleyite."

The reasonable inference to be drawn from the language of claim 10 is that the analytical composition of the product defined by the claim, excluding zirconia and alumina, contains by weight not less than 7% $Na_2O$, and that of the other ingredients therein specified, the silica does not exceed 20% of the total composition.

In comparing the composition of the refractory defined by claim 10 with that defined by claim 7 of the patent, it is noted that the composition of the product defined by claim 7 may consist of $Na_2O$ as alkali, and that when so used it contains by weight by chemical analysis between 1% and 8%. The 8% $Na_2O$ disclosed by the patent claim is therefore "not less than

7% Na₂0" as defined by claim 10. Furthermore, of the other ingredients specified in claim 7 of the patent, the silica is less than 6%, which "does not exceed 20%" as defined by claim 10.

Claim 7 of the patent calls for a cast refractory article in which zirconia and alumina are a part of the composition and zirconia is limited in amount to greater than 20% by weight by chemical analysis of the total composition. There is no percentage given in claim 10 for either zirconia or alumina.

The Solicitor for the Patent Office argues that whether zirconia and alumina be included, or excluded as specified in claim 10, it is obvious that the percentage of $Na_2O$ would be only slightly different. Moreover, appellant has failed to convince the court that the percentages of the zirconia and alumina content here involved are in themselves critical.

■ Appellant contends that neither the examiner nor the board discussed the "disclosure" of the reference patent but improperly considered merely the claims of that patent in rejecting the appealed claim. The subject matter defined by the claims of a patent cited as a reference is part of the disclosure of that reference and may properly be considered in determining the question of anticipation. In re Smolak and McQuade, 88 F.2d 838, 24 C.C.P.A., Patents, 1132, and authorities therein cited.

Appellant contends further that the disclosure of the cited patent may not be considered as a proper reference for the reason that the application therefor was pending concurrently with appellant's present application and hence "was not a publication nor a printed patent at the time the present application was filed."

■ It appears that appellant was a joint inventor and applicant with Fulcher for the patent cited herein as a reference and the court must assume upon the record before it that appellant had knowledge of what the patent disclosed. Since the filing date of the application upon which the patent was granted is earlier than the filing date of the appellant's present application, the mere fact that both applications were copending does not preclude the use of the patent as a reference in the rejection of claim 10. In re Smith, 36 F.2d 522, 17 C.C.P.A., Patents, 752.

■ The question in the case at bar relates to a highly technical chemical matter and the court is not convinced that the concurring decisions of the tribunals of the Patent Office, holding that appellant has not defined the use of the ingredients enumerated in claim 10 in such a manner as to patentably distinguish his product from that of the art of record, is manifestly wrong.

In view of that conclusion it is deemed unnecessary to recite and pass upon other grounds of rejection from which this appeal was taken.

The appeal as to claims 5, 7, and 9 is dismissed and, for the reasons stated, the decision of the Board of Appeals in rejecting claim 10 is affirmed.

Affirmed.